FILED

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  SANDRA B. BROWN                    11 FEB 17 AM 11:50
   Assistant United States Attorney
3  Chief, Tax Division               CLERK U.S. DISTRICT COURT
   THOMAS D. COKER [SBN 136820]       CENTRAL DIST. OF CALIF.
4  Assistant United States Attorney        LOS ANGELES
       Room 7211 Federal Building
5      300 North Los Angeles Street   BY:_____
       Los Angeles, California 90012
6      Telephone: (213) 894-2454
       Facsimile: (213) 894-0115
7
   Attorneys for United States of America
8
                 UNITED STATES DISTRICT COURT
9
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
                      WESTERN DIVISION
11
12  UNITED STATES OF AMERICA,     ) No. CV **CV-11  01458**   **R** (MANx)
                                  )
13              Plaintiff,        ) COMPLAINT FOR PERMANENT
                                  ) INJUNCTION AGAINST THE
14       v.                       ) PREPARATION OF TAX RETURNS AND
                                  ) OTHER EQUITABLE RELIEF
15                                )
    MARTHA A. VELARDE, dba MAV     )
16  SERVICE,                      )
                                  )
17              Defendant.        )
                                  )
18                                )
                                  )
19  _____  )

20       The United States of America, by and through its counsel of

21  record, alleges as follows:

22                      NATURE OF ACTION

23       1.   This is a civil action brought pursuant to Title 26

24  U.S.C. Sections 7401, 7402(a), 7407, and Title 28 U.S.C. Sections

25  1340 and 1345.

26

27       2.   This action is to enjoin defendant Martha A. Velarde

28

a.  Acting as a federal income tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, and other related income tax documents and forms for any person (other than herself), or appearing as a representative on behalf of any person or organization (other than herself) whose tax liabilities are under examination by the Internal Revenue Service ("IRS");

b.  Preparing or filing (or assisting in the preparation or filing of) federal income tax returns (including, but not limited to, forms and documents related to federal income tax returns) for any person other than herself;

c.  Preparing or filing (or assisting in the preparation or filing of) any document in connection with any material matter governed by the internal revenue laws of the United States (including, but not limited to, Title 26 of the United States Code) for any person other than herself;

d.  Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700, or 6701; and

e.  Engaging in other similar conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

<u>JURISDICTION</u>

3.  This Court has jurisdiction over this action pursuant to Title 26 U.S.C. Sections 7402(a) and 7407, and Title 28 U.S.C.

2

1  Sections 1340 and 1345.

2      4.   This action is brought at the direction of the Attorney

3  General of the United States and at the request and with the

4  authorization of the Chief Counsel of the Internal Revenue

5  Service, a delegate of the Secretary of the Treasury, pursuant to

6  26 U.S.C. § 7401.

7      5.   Venue for the complaint is within the Central District

8  of California under 28 U.S.C. §§ 1391(b) because Velarde resided

9  in this district when she prepared and/or filed the federal

10 income tax returns that gave rise to this action and because a

11 substantial part of the actions giving rise to this suit took

12 place in this district.

13                          DEFENDANT

14     6.  Defendant resides in Los Angeles, California.

15     7.  Defendant is a federal income tax return preparer and

16 has been working in this capacity since at least 1998.

17     8.   Defendant conducts her tax preparation business as "MAV

18 Service" located in Los Angeles, California.

19                   DEFENDANT'S ACTIVITIES

20     9.   Defendant operates her tax preparation business from

21 her residence as a sole proprietorship.

22     10.  Defendant currently offers tax return preparation

23 services to individuals through her dba "MAV Services."  Defen-

24 dant currently is preparing income tax returns as a paid pre-

25 parer.

26

27

28                              3

11.   Defendant charges fees ranging from $25 to $60 for the preparation of a Form 1040 federal tax return.

12.   Since at least taxable year 2006, defendant prepared federal income tax returns containing false information to improperly reduce her customers' reported tax liabilities or to claim the Earned Income Credit (EIC), resulting in a refund to which her customers were not entitled.

13.   Although required by law to do so, defendant failed, in most cases, to conduct a due diligence check to ascertain whether her customers qualified for the EIC and, if so, in what amount.

14.   Defendant has continually or repeatedly engaged in conduct subject to penalty under 26 U.S.C. Section 6694 in that she has, among other things, willfully or recklessly understated the tax due (and, in nearly every case, overstated the refund due) on customers' tax returns.

15.   Defendant has continually or repeatedly engaged in conduct subject to penalty under 26 U.S.C. Section 6695(g) in that she has failed to exercise due diligence in determining a taxpayer's eligibility for the EIC, which includes a duty to make reasonable inquires if information provided by the taxpayer appears incorrect, incomplete or inconsistent, as well as a duty to document her customer files as to these inquiries.

16.   Further, defendant has continually or repeatedly engaged in fraudulent and deceptive conduct which has substantially interfered with the proper administration of the internal revenue laws in that defendant has, among other things,

4

1    improperly and purposefully reduced and understated customers'
2    tax liabilities by manipulating filing status, adding dependants
3    and manipulating or creating Schedule C expenses as a means of
4    creating the appropriate amount of income on a return to generate
5    the maximum EIC resulting, in most cases, in an undeserved
6    refund.

7        18.   In 2007, the IRS conducted a due diligence audit with
8    respect to tax returns prepared by the defendant during the 2006
9    filing season (2005 tax returns), including returns that claimed
10   the EIC.   Out of 100 income tax returns sampled, 94 returns were
11   in violation of 26 U.S.C. Section 6695(g) based on defendant's
12   failure to determine taxpayers' eligibility for the EIC.

13       19.   As a result of the defendant's violation of Section
14   6695(g), as described in paragraph 18, the defendant was assessed
15   penalties in the amount of $9,400 ($100 per return), pursuant to
16   26 U.S.C. Section 6695(g).

17       20.   Subsequent to the assessment described in paragraph 19
18   above, to determine whether the defendant was complying with the
19   requirements under Section 6695(g), the IRS issued an adminis-
20   trative summons to the defendant to sample tax returns which she
21   prepared for the 2010 (2009 tax returns) filing season.   The IRS
22   determined that the defendant was again in violation of 26 U.S.C.
23   Section 6695(g). Further, the sampled returns contained other
24   inconsistencies such as reporting Schedule C business which
25   claimed no business expenses and which were supported by false or
26   incomplete Form 1099s reporting income amounts solely to optimize
27
28                                    5

1  the amount of the EIC, resulting in undeserved refunds.

2      21.  Defendant is aware that her conduct is improper and

3  illegal; however, it is believed that defendant has continued to

4  prepare improper tax returns and will continue to do so.  Civil

5  penalties have not been sufficient to deter the defendant from

6  her improper and illegal conduct.

7                     <u>INJURY TO THE UNITED STATES</u>

8      22.  The defendant continues to prepare a high percentage of

9  EIC and refund tax returns.  Moreover, approximately 358 of the

10  returns filed during the 2010 filing season (2009 tax returns)

11  claimed EIC and contained a Schedule C.

12      23.  During the past four filing seasons, the defendant

13  prepared the following returns:

| Process-ing Year | Number of Returns | Number of **Refund** Returns | Number of **EIC** Returns | % of Refund Returns | % of EIC Returns |
|---|---|---|---|---|---|
| 2007 | 2,873 | 2,599 | 876 | 90% | 30% |
| 2008 | 2,654 | 2,469 | 902 | 93% | 33% |
| 2009 | 2,597 | 2,422 | 860 | 93% | 33% |
| 2010 | 2,317 | 2,169 | 852 | 93% | 36% |

21      24.  Time-intensive audits by IRS revenue agents, including

22  interviews with the taxpayer-customers, are usually necessary to

23  ferret out the bogus claims prepared by the defendant.

24      25.  In addition to the one hundred (100) EIC returns

25  referred to in paragraph 18 above, as of September 22, 2010, the

26  IRS has examined fifty-nine (59) returns prepared by defendant

27  which resulted in a determination of income deficiencies of over

28                              6

1  $248,642, averaging $4,214 per return, resulting from the

2  defendant's conduct.

3      26.  Over thirty percent (30%) of all of the returns

4  prepared by the defendant make claims for the EIC.  Adjustments

5  were made to eighty-five percent (85%) of the files audited by

6  the IRS and the average amount of the assessment against those

7  taxpayers (defendant's customers) at the conclusion of the audit

8  was $4,214.

9      27.  For the taxable year 2010 alone, defendant prepared

10  over 2000 tax returns.

11      28.  The government has identified more than 8,000 returns

12  prepared by the defendant for the 2007-2010 tax filing seasons

13  (i.e., returns for years 2006-2009 tax years).  Based on an

14  analysis by the IRS, refunds claimed on these returns averaged

15  over ninety percent (90%).

16      29.  For the tax returns prepared by the defendant during

17  the 2007-2010 tax filing seasons, based on the total EIC returns

18  resulting from the defendant's conduct, the IRS estimates the

19  aggregate potential tax loss at approximately $12.5 million.

20                INJURY TO THE DEFENDANT'S CUSTOMERS

21      30.  As a result of the defendant's improper actions, many

22  of her customers have been required to file amended returns or

23  undergo audits by the IRS.  They have incurred severe, and in

24  most cases unanticipated, financial burdens due to their

25  liability for additional tax beyond the amount reported on their

26  original returns, plus statutory interest.

27

28                            7

31.  As a result of the defendant's improper actions, many of her customers will be required to file amended returns or undergo audits by the IRS.  They will incur severe financial, and in most cases unanticipated, financial burdens due to their liability for additional tax beyond the amount reported on their original returns, plus statutory interest (and perhaps civil penalties).

<u>COUNT I</u>

(Engaging in Conduct Prohibited by Sections 6694 and 6695)

32.  Plaintiff realleges and incorporates by reference paragraphs 1 through 31 of the Complaint.

33.  The defendant, by reason of her preparation, or assistance in the preparation, of federal income tax returns for which she was compensated, is an income tax return preparer within the meaning of 26 U.S.C. Section 7701(a)(36).

34.  The defendant has continually or repeatedly engaged in conduct subject to penalty under 26 U.S.C. Section 6694(b) by either (a) recklessly or intentionally disregarding rules and regulations in preparing the return of another person, resulting in an understatement of federal tax liability for that person; or (b) willfully or recklessly understating the federal tax liability of another person in preparing the return of that person; or both.

35.  The defendant has continually or repeatedly engaged in conduct subject to penalty under 26 U.S.C. Section 6695(g) in that she has failed to comply with due diligence requirements

1  imposed by law with respect to determining eligibility for, or

2  the amount of, the EIC allowable by law.

3     36.  Unless enjoined by the Court, the defendant will

4  continue to engage in the above-described conduct.

5     37.  The defendant must be enjoined from further acting as

6  an income tax return preparer because an injunction prohibiting

7  her from engaging in conduct subject to penalty under Sections

8  6694 and 6695 of Title 26, United States Code (the "Code"), would

9  not be sufficient to prevent her further interference with the

10 proper administration of the tax laws.

11                              COUNT II

12        (Unlawful Interference with the Internal Revenue Laws)

13    38.  Plaintiff realleges and incorporates by reference

14 paragraphs 1 through 37 of the Complaint.

15    39.  The defendant's fraudulent and deceptive conduct as set

16 forth above has the effect of substantially interfering with the

17 proper administration of the internal revenue laws by causing the

18 filing of improper and illegal tax returns or claims for refunds,

19 as well as the filing of tax returns containing improper and

20 illegal claims for tax credits, all of which contributes to

21 undermining the respect for, and deterring voluntary compliance

22 with, the federal tax laws.

23    40.  Unless enjoined by this Court, the defendant will

24 continue to engage in this conduct.

25

26

27

28                                 9

### APPROPRIATENESS OF INJUNCTIVE RELIEF

41.   Injunctive relief is appropriate under Sections 7407 and 7402 of the Code for the following reasons:

a.   <u>Proscribed Conduct</u>.   The defendant, in the course of preparing income tax returns on behalf of her customers, has continually or repeatedly engaged in conduct subject to penalty under Sections 6694 and 6695 of the Code and which otherwise interferes with the proper administration of the Internal Revenue laws.

b.   <u>Likelihood of Recurrence</u>.   If the defendant is not enjoined from preparing federal income tax returns, it is likely that she will continue to do so, since she has engaged in a pattern and practice of abuse extending over a number of years.

c.   <u>Irreparable Injury</u>.   The defendant, by her continual or repeated violations of the internal revenue laws, has caused a substantial revenue loss to the United States Treasury as well as a severe drain of government administrative resources in identifying and examining the returns the defendant prepared and in attempting to collect the monies owed.   The IRS lacks sufficient resources to examine all of the returns the defendant has prepared to date and is continuing to prepare.   In addition, the resulting and potential litigation relating to the tax returns prepared by the defendant will place a heavy burden on the judicial system.

d.  <u>Public interest</u>.  Members of the public whom the
defendant aided, advised, or assisted have been harmed
because such persons paid the defendant for her services in
preparing tax returns, and if their returns are examined by
the IRS, they will likely be assessed with deficiencies in
tax, be required to pay statutory interest on the tax
deficiencies resulting from the defendant's improper
preparation, and may also be subject to civil penalties
resulting from the deficiencies.  Moreover, the defendant's
behavior encourages a reckless disregard for the internal
revenue laws and erodes public confidence in the fairness of
the federal income tax system, thus causing irreparable
injury to the government and the nation as a whole.

<u>RELIEF REQUESTED</u>

WHEREFORE, plaintiff, the United States of America, prays
for the following:

1.  That the Court find that the defendant Martha A. Velarde
has continually or repeatedly engaged in conduct subject to
penalty under Sections 6694 and 6695; that an injunction
prohibiting such conduct would not be sufficient to prevent the
defendant's interference with the proper administration of Title
26; and that the defendant therefore should be permanently
enjoined from acting as an income tax return preparer pursuant to
Sections 7407 and 7402 of the Internal Revenue Code.

2.  That the Court find that the defendant has continually
or repeatedly engaged in fraudulent or deceptive conduct that

1   substantially interferes with the proper administration and
2   enforcement of the internal revenue laws by the IRS; that an
3   injunction prohibiting such conduct would not be sufficient to
4   prevent the defendant's interference with the proper
5   administration of Title 26; and that the defendant therefore
6   should be permanently enjoined from acting as income tax return
7   preparer pursuant to Sections 7407 and 7402 of the Internal
8   Revenue Code.
9       3.   That the Court enter a Final Judgment of Permanent
10  Injunction enjoining the defendant, and all other persons in
11  active concert or participation with her, directly or indirectly,
12  by use of any means or instrumentality, from:
13          a.   Acting as income tax return preparers within the
14      meaning of Section 7701(a)(36) of the Code;
15          b.   Taking any action in furtherance of aiding,
16      assisting, advising, preparing or filing for compensation
17      tax returns of third-party taxpayers;
18          c.   Further engaging in conduct subject to penalty
19      under Sections 6694 and 6695 of the Code; or
20          d.   Substantially interfering with and/or impeding the
21      proper administration of the internal revenue laws.
22      4.   That this Court further order and decree, as part of its
23  permanent injunctive relief, that the defendant notify, in
24  writing, all persons whose tax returns she has prepared from
25  January 1, 2007 to the date of the Court's order, of the findings
26  and relief ordered by the Court, including in such notice to each
27
28                          12

1  person a copy of the Complaint and of the Court's Final Order of

2  Permanent Injunction; and that the defendant file with the Court

3  and provide to plaintiff's attorneys a list of the names, Social

4  Security numbers, addresses, e-mail addresses, and telephone

5  numbers of all persons so notified within thirty (30) days of the

6  date the Order is entered.

7      5.  That this Court retain jurisdiction of this action for

8  the purpose of implementing and enforcing the final judgment and

9  all additional decrees and orders necessary and appropriate to

10  the public interest.

11      6.  That this Court award plaintiff all its costs in

12  prosecution of this action.

13                          Respectfully submitted,

14                          ANDRÉ BIROTTE JR.
                            United States Attorney
15                          SANDRA B. BROWN
                            Assistant United States Attorney
16                          Chief, Tax Division

17  Dated: February 15, 2011

18                          THOMAS D. COKER
                            Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28                              13

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | MARTHA A. VELARDE, DBA MAV SERVICE |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): LOS ANGELES |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) United States Attorney Office THOMAS COKER 300 N. Los Angeles Street Room 7211, LA CA 90012 Tel: (213) 894-2410 Fax (213) 894-0115 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
PURSUANT TO TITLE 26 U.S.C. SECTIONS 7401, 7402(A), 7407 AND TITLE 28 U.S.C. SECTIONS 1340 AND 1345

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☑ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____ CV11 01458

UNITED STATE DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b).  **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.  **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.

LOS ANGELES COUNTY

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES COUNTY

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _2/16/11_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

United States Attorney Office
THOMAS COKER, AUSA
300 N. Los Angeles Street Room 7211
Los Angeles, CA 90012
Tel: (213) 894-2410 Fax (213) 894-0115

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>PLAINTIFF(S)<br><br>v.<br><br>MARTHA A. VELARDE, DBA MAV SERVICE<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11 01458 R (MANx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): THE ABOVE NAMED DEFENDANT(S)

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, THOMAS COKER _____, whose address is 300 N. LOS ANGELES STREET RM 7211 LOS ANGELES, CA 90012 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                   Clerk, U.S. District Court

Dated: 02/17/11 _____

By: _____    CHRISTOPHER POWERS

                            Deputy Clerk

                         (Seal of the Court)

                                   1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 1458 R (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.