O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case № 2:11-cv-01458-ODW (MANx) |
| Plaintiff, | |
| v. | **ORDER HOLDING DEFENDANT MARTHA A VELARDE IN CIVIL CONTEMPT [20]** |
| MARTHA A. VELARDE, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff United States of America (the "Government") requested the Court to order Defendant Martha A. Velarde to show cause why she should not be held in contempt for violating this Court's Final Judgment of Limited Injunction ("Limited Injunction"). (Appl. 10, ECF No. 20.) The Court granted the Government's request and ordered Velarde to respond to the Government's allegations. (Order Show Cause, ECF No. 25.) Velarde responded, (Resp., ECF No. 26), and the Government replied, (Reply ISO Appl., ECF No. 32). On July 14, 2025, the Court held a hearing on the Order to Show Cause, and, on August 5, 2025, heard closing arguments from the parties. (Mins. Evid. Hr'g, ECF Nos. 55, 59.) Having considered the parties' papers, arguments, declarations, and evidence, the Court **HOLDS** Velarde in contempt.

## II.    BACKGROUND

Velarde is a federal income tax preparer and has prepared federal income tax returns since 1998.  (Appl. 1.)  She owns MAV Service and provides tax preparation services as a sole proprietor with two other tax preparers, Jessica Velarde and Adam Salcedo.  (*Id.* at 1, 3.)

On February 17, 2011, the Government sued Velarde for preparing federal income tax returns containing false information to reduce her customers' tax liabilities.  (Compl. ¶ 12, ECF No. 1.)  On September 13, 2011, the Court granted the parties' Stipulation for Entry of Final Judgment of Limited Injunction, (Stip., ECF No. 18), and enjoined Velarde from, among other things, directly or indirectly:

> B.    Engaging in activity subject to penalty under 26 U.S.C. § 6694, *i.e.*, preparing federal income tax returns that improperly understate customers' tax liabilities;
>
> C.    Engaging in activity subject to penalty under 26 U.S.C. § 6695, including § 6695(g), which [p]enalizes claiming an Earned Income Tax Credit without complying with due diligence requirements imposed by Treasury regulations . . . .

(Final J. 2–3, ECF No. 19).

On July 30, 2024, the Government filed an Application for Order to Show Cause.  (Appl. 10.)  The Government asserts that Velarde has continued to prepare tax returns in violation of the Court's injunction by (1) inappropriately claiming the head of household filing status and (2) using social security numbers that did not match the name associated.  (*Id.* at 3, 10.)  The Government asked the Court to order Velarde to show cause why she should not be held in contempt and requests that the Court sanction and further enjoin Velarde from directly or indirectly filing or preparing federal tax returns.  (*Id.* at 10–11.)  The Court granted the Government's request for an order to show cause.  (Order Show Cause.)  The parties each filed responsive papers and presented evidence during an evidentiary hearing on July 14, 2025. (Resp.; Reply ISO Appl.; Mins. Evid. Hr'g.)

## III.    LEGAL STANDARD

District courts have the inherent power to enforce their orders through civil contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order, but a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.* (cleaned up).  Civil contempt sanctions are employed: (1) to coerce the defendant into compliance with the court's order, and (2) to compensate the complainant for losses sustained. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983).

In a civil contempt action, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, *LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).  "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.*

## IV.    DISCUSSION

The Government asserts that Velarde violated 26 U.S.C. §§ 6694 and 6695. (Appl. 9.)  Section 6695 penalizes a tax return preparer for failing to comply with due diligence requirements with respect to determining the taxpayer's eligibility to file as a head of household.  Section 6694 penalizes a tax return preparer for preparing tax returns that she knew or reasonably should have known would result in an understatement of tax liability or preparing such tax returns with willful or reckless disregard to rules and regulations.

The parties do not dispute that the Court's Limited Injunction is specific and definite.  (*See* Appl.; Resp.)  Thus, at issue is whether (1) the Government presents

clear and convincing evidence that Velarde violated the Court's Limited Injunction
and (2) Velarde demonstrates why she was unable to comply.

Here, the Government presents clear and convincing evidence of a violation of
26 U.S.C. § 6695.    Section 6695 imposes penalties for failure to file correct
information on tax returns and for failure to be diligent in determining eligibility to
file as head as household.  26 U.S.C. § 6695(e), (g).  The Court enjoined Velarde from
failing to comply with "due diligence requirements imposed by Treasury regulations."
(Final J. ¶ 3.c.)  Due diligence requires that "[t]he tax return preparer must not know,
or have reason to know, that any information used by the tax return preparer in
determining the taxpayer's eligibility to file as head of household . . . is incorrect."
26 C.F.R. § 1.6695-2(b)(3)(i).   The tax return preparer must also "make reasonable
inquiries if a reasonable and well-informed tax return preparer knowledgeable in the
law would conclude that the information furnished to the tax return preparer appears
to be incorrect, inconsistent, or incomplete." *Id.*

The Government contends that, between 2021 and 2024, Velarde and her
associates prepared a total of 2,807 tax returns with social security numbers that did
not match the name associated with the qualifying person.  (Appl. 5; Decl. Carol Lee
("Lee Decl.") ¶ 18, ECF No. 20-1.)  Velarde does not dispute that she used names and
social security numbers for "qualified persons" on tax returns that "are mismatched."
(Resp. 6.)  She admitted, in her response and testimony, to purposefully using "a
random nine-digit number" as "a workaround" to what she considered a "flaw" in the
software she used to prepare tax filings.  (*Id.* at 2; *see also* Evid. Hr'g Tr. 148:25 to
149:2, ECF No. 57.)  Velarde explains that, based on her understanding, she did not
need to provide a social security number for qualifying persons.  (Evid. Hr'g
Tr. 149:3–6.)  Even so, Velarde fails to explain why, instead of reasonably requesting
the correct names and social security numbers for the qualifying persons, she chose to
knowingly provide "incorrect, inconsistent, or incomplete" information by inputting
random nine-digit numbers.  Knowingly providing incorrect social security numbers

without making reasonable inquiries is a violation of due diligence requirements.  *See* 26 C.F.R. § 1.6695-2(b)(3)(i).  Accordingly, Velarde fails to demonstrate why she was unable to comply with due diligence requirements.

As the Court finds that Velarde violated 26 U.S.C. § 6695, it need not reach the Government's argument that Velarde inappropriately claimed the head of household filing status in violation of 26 U.S.C. § 6694.  Nevertheless, the Court briefly notes that the Government fails to carry its burden to show that Velarde improperly claimed the head of household status by clear and convincing evidence.  The Government argues that Velarde filed a total of 2,079 tax returns with improperly claimed head of household status.  (Lee Decl. ¶ 26.)  The Government presents evidence that multiple taxpayers who lived at the same dwelling claimed head of household status.  (Evid. Hr'g Tr. 152:9 to 153:14.)  But Carol Lee, an IRS Revenue Agent, concedes that it is possible for multiple households—*i.e.*, family units—to reside in the same dwelling and for each head of those family units to properly claim head of household status.  (*Id.* at 177:1–24.)  While the Government claims that Velarde improperly assigned head of household statuses, it fails to support these claims by presenting evidence to show that exceptions, such as the ability for multiple head of households to reside in the same dwelling, did not apply to those tax returns.

In any event, the Court finds the Government demonstrates by clear and convincing evidence that Velarde violated the Limited Injunction by failing to exercise due diligence under 26 U.S.C. § 6695 and turns to sanctions.  The Court may impose sanctions (1) to coerce the defendant into compliance with the court's order, and (2) to compensate the complainant for losses sustained.  *Shuffler*, 720 F.2d at 1147; *FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1112 (C.D. Cal. 2001).  The court may exercise its discretion to sanction for the purpose of making the defendant comply and must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. Mine Workers of Am.*,

330 U.S. 258, 304 (1947).  Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard."  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

The Government seeks a sanction in the amount of $228,575 for disgorgement of Velarde's ill-gotten gains.  (Appl. 11.)  This is the amount Velarde charged for tax returns that "she prepared with improperly claimed head of household status" between 2021 and 2024.  (*Id.* at 7.)  As discussed above, the Government fails to show by clear and convincing evidence that Velarde improperly claimed head of household status for all 2,079 tax returns.  Accordingly, the requested amount is not appropriate.

The Court finds, however, that a sanction in the amount of $20,000 is appropriate to compel Velarde to comply with the Limited Injunction.  This is not the first time that Velarde violated due diligence requirements.  In addition to this lawsuit, the IRS fined Velarde $6,000 in 2016 and $4,080 in 2018 for failing to diligently determine her customers' tax benefits.  (Lee Decl. ¶¶ 6–7.)  Despite these previous fines, Velarde was not deterred and persisted in knowingly using fictitious social security numbers for qualified persons.  The Court also notes that sanctions not exceeding $25,000 are permitted under 26 U.S.C. § 6695.  Accordingly, the Court imposes a sanction in the amount of $20,000 for Velarde's failure to exercise due diligence by knowingly providing incorrect social security numbers for qualifying persons.

# V.    CONCLUSION

For the reasons discussed above, the Court **HOLDS** Velarde in civil contempt and imposes the **SANCTION of $20,000**.  Velarde shall pay the sanction within sixty days of this Order.

**IT IS SO ORDERED.**

September 4, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**